IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| LATONIA GARRETT, | ) Civil Action No. |
| Plaintiff, | ) |
| | ) JURY TRIAL DEMANDED |
| v. | ) |
| PERIMETER HEALTHCARE, LLC, | ) |
| Defendant. | ) |

## COMPLAINT FOR DAMAGES

COMES NOW, Plaintiff LaTonia Garrett ("Plaintiff"), by and through undersigned counsel, and files this Complaint for damages against Defendant Perimeter Healthcare, LLC ("Defendant") under the Americans with Disabilities Act ("ADA"), and shows the Court as follows:

### JURISDICTION AND VENUE

1.

Plaintiff invokes the jurisdiction of this court pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 2000e-5(f).

1

2.

The unlawful employment practices alleged in this Complaint were committed within this district. In accordance with 28 U.S.C. § 1391 and 42 U.S.C. §2000(e)-5(f), venue is appropriate in this Court.

## PARTIES

3.

Plaintiff is a citizen of the United States of America and is subject to the jurisdiction of this Court.

4.

Defendant is a Domestic Limited Liability Company organized under the laws of Delaware. At all times relevant to this action, Defendant has been doing business within this district. Defendant is subject to jurisdiction in this Court.

5.

Defendant may be served with process by delivering a copy of the summons and complaint to its registered agent, The Corporation Trust Company, at The Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801.

## FACTUAL ALLEGATIONS

6.

Defendant is now, and at all times relevant hereto, has been an employer subject to the ADA.

7.

Plaintiff began her employment with Defendant on September 28, 2020, as a revenue cycle analyst.

8.

Plaintiff worked remotely throughout her employment with Defendant.

9.

Plaintiff suffers from a disability, specifically she required reconstructive surgery due to the disabling condition of her back. At all times relevant, Defendant had knowledge of Plaintiff's disability.

10.

On or about October 21, 2020, Plaintiff was told by her doctor that she needed to have reconstructive back surgery. The surgery was scheduled for December 3, 2020, and required a six-week post-surgery recovery period.

11.

On or around October 22, 2020, Plaintiff contacted Marisol Martinez, Defendant's HR Benefits Manager, to notify her that she needed back surgery.

12.

On or around November 23, 2020, Plaintiff sent an e-mail to Bill Garrison (VP, revenue Cycle Management & Managed Care Contracting), Cledia Eby (Revenue Cycle Manager), and Ms. Martinez, notifying them that she needed surgery.

13.

Plaintiff stated in her e-mail that her surgery was scheduled for December 3, 2020, and explained that she would require six weeks of recovery time following her surgery.

14.

On or around November 23, 2020, Mr. Garrison called Plaintiff and terminated her employment. Any reason given for her termination is pretext for unlawful discrimination and retaliation.

15.

At all times relevant, Plaintiff has suffered from a disability, within the meaning of the ADA. Additionally, Defendant "regarded" Plaintiff as disabled.

16.

Defendant terminated Plaintiff's employment because of her disability, perceived disability, need for a reasonable accommodation, and/or because Plaintiff engaged in protected activity by seeking a reasonable accommodation for her disability. Any reason given by Defendant for terminating Plaintiff's employment is pretext for unlawful discrimination and retaliation in violation of the ADA.

17.

As a result of Defendant's actions, Plaintiff has suffered damages, including lost wages and emotional distress.

**CLAIMS FOR RELIEF**

**COUNTS I & II**

**VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT**

**(ADA DISCRIMINATION AND RETALIATION)**

18.

Plaintiff repeats and re-alleges paragraphs 6-17 as if set forth fully herein.

19.

Section 102 of the ADA protects qualified individuals, including Plaintiff, from adverse employment actions based on a known disability of the employee.

20.

At times relevant to this action, Plaintiff was a "qualified individual" as that term is defined by the ADA.

21.

At times relevant to this action, Plaintiff has been an individual with a disability as that term has been defined by the ADA.

22.

At times relevant to this action, Defendant and individuals involved in the decision to terminate Plaintiff were aware of Plaintiff's disability, including at the time of Defendant's termination of Plaintiff.

23.

Plaintiff's disability, request and/or need for a reasonable accommodation were determinative factors in Defendant's decision to terminate Plaintiff.

24.

At all times relevant, Plaintiff could perform the essential functions of her position with a reasonable accommodation.

25.

Defendant "regarded" Plaintiff as having a "disability" under the ADA.

26.

In terminating Plaintiff, Defendant discriminated against Plaintiff because of her disability, request for and/or need for an accommodation, thus violating Plaintiff's rights under the ADA entitling her to all appropriate relief thereunder.

27.

In terminating Plaintiff after she sought a reasonable accommodation of time off, Defendant retaliated against Plaintiff in violation of the ADA.

28.

As a result of Defendant's unlawful actions, Plaintiff has suffered emotional distress and other non-pecuniary damages, as well as economic damages, for which she is entitled to recover from Defendant.

29.

Defendant acted with malice and in reckless indifference to Plaintiff's federally protected rights. Plaintiff is therefore entitled to punitive damages.

**WHEREFORE**, Plaintiff judgment as follows:

(a)     General damages for mental and emotional suffering caused by Defendant's misconduct;

(b)     Special damages and/or liquidated damages for lost wages and benefits and prejudgment interest thereon,

(c) Punitive damages;

(d) Reasonable attorney's fees and expenses of litigation;

(e) Trial by jury as to all issues;

(f) Prejudgment interest at the rate allowed by law;

(g) Declaratory relief to the effect that Defendant has violated Plaintiff's statutory rights;

(h) All equitable relief available under the ADA, including injunctive relief of reinstatement, or front pay in lieu thereof, and prohibiting Defendant from further unlawful conduct of the type described herein; and

(i) All other relief to which she may be entitled.

This 20th day of January, 2021.

**BARRETT & FARAHANY**

s/V. Severin Roberts
V. Severin Roberts
Georgia Bar No. 940504
*Attorney for Plaintiff*

1100 Peachtree Street, N.E.
Suite 500
Atlanta, GA 30309
(404) 214-0120
Severin@justiceatwork.com